G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

Brian H. Song, Esq. #188662
*Briansong@SongLeeLaw.com*
BHS LAW, LLP
2559 S. Bascom Avenue
CAMPBELL, CA 95008
TEL: (408)628-4257
FAX: (408)628-4258

Attorneys for Plaintiff
Bhs Law LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| BHS LAW LLP, a California limited liability partnership, individually, and on behalf of other members of the general public similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>JIPYONG LLC, a Korean limited liability company, and JINHEE KIM, a Korean individual,<br><br>Defendant | **CASE NO.: 3:25-cv-04328**<br><br>CLASS ACTION COMPLAINT FOR INJUNCTION AND OTHER RELIEF FOR UNFAIR COMPETITION LAW (CA BUS. & PROF. §17200) AND OTHER TORTS<br><br>FOR UNAUTHORIZED PRACTICE OF LAW |

Case 3:25-cv-04328     Document 1     Filed 05/20/25     Page 2 of 13

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

Plaintiff Bhs Law LLP (hereinafter "Plaintiff" or "BLLP") complains and alleges as follows:

## JURISDICTION AND VENUE

1. **Jurisdiction**. Jurisdiction is proper under 28 U.S.C. Secs. 1332(a), 1332(a)(2), and/or 1332(d)(2), (5), (9) on the ground that BLLP is informed and believes and thereon alleges that Defendant Jipyong LLC is a Korean limited liability company, whose members are entirely composed of Korean citizens and additionally, Defendant Jipyong has engaged in unlawful practice of law in the United States, unlawfully providing legal services to more than 100 residents of the United States, unlawfully collecting fees in excess of $5,000,000. BLLP alleges the foregoing based on Ms. Kim, Jinhee, Esq.'s (an associate or agent of Jipyong LLC) voluntary statement on May 13 (PST), 2025 to the effect that she's been providing legal services to numerous U.S. residents. This Court has authority to award Plaintiff declaratory relief under 28 U.S.C. Secs. 2201 and 2202. A quick discovery into Jipyong's client list to whom Jipyong unlawfully provided legal services in the U.S. should determine the veracity of her statement. Her statement is not entirely frivolous as the undersigned conducted a brief investigation and found that Jipyong LLC indeed is conducting unauthorized practice of law in this very Court, in this Branch, in the matter titled, *Solarpark Korea Co., Ltd. v. Solaria Corp.*, 23-CV-01181-AMO ("*Solarpark*").

2. **Venue**. Venue in the Northern District of California is proper under 28 U.S.C. Sec. 1391 subds. (b) and (c) because the events giving rise to this claim occurred within San Francisco County, on account of, among others, Jipyong LLC's unauthorized practice of law, regularly appearing and practicing in the district.

3. **Intradistrict Assignment**. This matter should be assigned to the San Francisco Division of this Court because some or all unlawful acts are occurring in this Branch.

## FACTS

4. California does not allow legal practice through LLC (whether foreign or domestic). Cal. Corp. Code § 17701.04, subd. (e). Jipyong LLC is engaged in unlawful practice of law by appearing in at least three cases on behalf of California entities. According to Ms. Kim, Jipyong LLC also appeared in numerous litigations in California. The other two cases (in addition to *Solarpark*, supra) are *Choi v. Individual*, pending in the Superior Court of California in and for Orange County and *Bhs Law LLP vs. Moreh, Inc.* (located in Sunnyvale) pending in the Superior Court of California in and for Santa Clara

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

County.

5. Additionally, Jipyong LLC is not a registered foreign law consultant ("FLC") in California.

6. Instead, it is Ms. Kim who is **individually** registered as FLC in California. However, she should not have qualified for a FLC in California because she fails to meet the requirement – she is not licensed to practice law in Korea. See Cal. Rules of Court, Rule 9.44(a)(1) (requirement of being admitted to practice in "a foreign country"). (Please be advised that "Korea" used herein means South Korea or formally known as the Republic of Korea.) Her FLC registration also fails to show her affiliation with or employment by Jipyong LLC, in violation of Rules of the State Bar, Title 3, Div. 3, Ch. 4, Rule 3.402, subd. (A) (for failing to update her affiliation on the registration), (B) (advising on California law rather than "exclusively regarding the law of a foreign jurisdiction"), and (F) (claiming to be a licensee of the State Bar of California).

7. Jipyong LLC's webpage for Ms. Kim's bio lists a long list of engagements, which may include providing legal services to U.S. residents. Plaintiff will conduct discoveries to identify any unlawful practice of law among the accomplishment.

## PARTIES

8. Plaintiff BLLP is a limited liability partnership – law firm registered with the State Bar of California since 2014. BLLP is located in Campbell, California and engaged in providing legal services to Korean-American or Korean companies' branches and subsidiaries in San Francisco Bary Area.

9. Defendant Jipyong LLC ("Jipyong") is a limited liability company located in Seoul, Korea, engaged in legal practices in Korea. Jipyong is not authorized to practice in California. Jipyong is not authorized to practice in the United States.

10. On information and believe, Plaintiff alleges that Defendant Jinhee Kim ("KIM") is a Korean national, residing in Seoul, Korea, and competent adult at all times relevant herein.

## STANDING

11. Standing for UCL complaint is met on the following grounds: BLLP provides legal services to Korean-nationality owned, or U.S. subsidiaries of Korean companies, or other companies with strong ties with Korea. Jipyong and KIM by conducting unlawful practice of law, in part catering to the same pool of clients, prospective clients, they cause economic injuries to BLLP. The foregoing allegation

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

is made for allegations sufficient to meet the standing requirements in reliance on *Law Offices of Mathew Higbee v. Expungement Assistance Services*, 214 Cal.App.4th 544 (2013).

12.     Additionally, BLLP suffered economic losses in the following manner: Jipyong and KIM filed pleadings in the Santa Clara Case, *Bhs v. Moreh, Inc.*, a collection action for unpaid fees. (Moreh disputes that they owe any unpaid legal fees.) BLLP had to divert significant amounts of otherwise billable hours (billable if spent on other very pressing matters) to strike the pleadings filed by Jipyong via KIM. BLLP so far spent about 2 hours in meeting and conferring (emails and Zoom call and related coordination activities) and another about 3 hours preparing a motion to strike the pleadings filed by Jipyong and KIM on behalf of Moreh, Inc. and communicating with paralegal to get a hearing reserved and then get it filed. BLLP also incurred the motion filing fee of $60 and attorney service fees of about $100 (not yet billed as of now). These losses are solely due to strike the pleadings, costs that BLLP would have no reason to incur, had Moreh, Inc. been represented by a California lawyer.

13.     The purported class members, each of them, will meet the standing requirements. As defined below, the class members will consist of two groups. One group will be composed of lawyers in California whose targeted markets that include Korean businesses, Korean American businesses, U.S. businesses with substantial ties with Korea, with the needs for advice and consultations in regard to U.S. laws or other law firms and lawyers all essentially similar with the undersigned's practices. These are the lawyers whose practices and economic prospects were adversely impacted and suffered economic harm by Defendants' unlawful practice of law, a form of unfair competition. But for Defendants' unfair and unlawful competition, this group of proposed class members would have had more practices, resulting in higher economic benefit for their license and practice. Because they did not pay anything to Defendants, their remedy is limited to injunction and other equitable remedies. The other group will be composed of actual businesses and individuals who paid "fees" for Defendants' unlawful practices of laws and Defendants' misrepresentation as to their qualifications and scope of their authorized legal works. On that ground, this group satisfies the standing requirement. Because this group paid actual monies in connection with Defendants' unlawful actions, under UCL (or other theories of liabilities such as restitution or unjust enrichment), they are entitled to return of the monies and, under Cal. Pen. Code §496, subd. (c), they are entitled to three (3) times the amount of their actual damages.

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

Case 3:25-cv-04328     Document 1     Filed 05/20/25     Page 5 of 13

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

## UNLAWFUL CONDUCTS

14. Jipyong and KIM violated one or more of the following laws, regulations, and rules, serving as the predicate for the UCL claims (Plaintiff reserves the right to supplement this allegation upon discovery): Cal. Corp. Code §17701.04, subd. (e); Cal. Bus. & Prof. Code §§ 6125, 6126; Cal. Rules of Court, Rule 9.44; and Rules of the State Bar, Title 3, Div. 3, Ch. 4, in particular, Rule 3.402, subd. (A) (for failing to update her affiliation on the registration), (B) (advising on California law rather than "exclusively regarding the law of a foreign jurisdiction"), and (F) (claiming to be a licensee of the State Bar of California); and all applicable tax laws of the United States and the applicable State tax codes – relating to foreign entities conducting regular businesses in the United States (all collectively, "LAW").

## CLASS ALLEGATIONS

15. Plaintiff brings this action on its own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Fed. R. Civ. Proc., Rule 23(b)(2) and/or (b)(3).

16. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

17. Plaintiff's proposed class consists of and is defined as follows:

18. All persons who DEALT WITH Defendant Jipyong and/or KIM in the course of which either Jipyong or KIM failed to comply with the LAW ("Class").

19. Plaintiff's proposed subclasses consist of and are defined as follows:

20. All persons who opposed Jipyong and/or KIM as litigation adversaries in any U.S. or State courts ("Four Year Subclass" or in abbr. "FYSC").

21. All persons who hired, consulted, or otherwise engaged Jipyong and/or KIM as clients or consulting projects ("Unlimited Year Subclass" or in abbr. "ULYSC"). For ULYSC, Jipyong and KIM owed, and still owes, fiduciary duties. The statute of limitation for breach of fiduciary duty is 4 years from the date the breach is known or otherwise confessed to by Jipyong and KIM in regard to the breach.

22. Members of the Class and subclasses are referred to herein as "class members."

23. Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

BHS LAW, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

24. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

25. Whether Jipyong and KIM violated any of LAW;

26. Whether Jipyong and KIM breached fiduciary duty in dealings with ULYSC;

27. Whether Defendants failed to engage in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, et seq.; and,

28. The appropriate amount of monetary restitution, disgorgement of profits, damage (if any allowable), and injunctive reliefs resulting from Defendants' violations of LAW.

29. There is a well-defined community of interest in the litigation and the class members and readily ascertainable:

30. Numerosity: The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

31. Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

32. Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that it has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

33. Supplemental Allegations RE Adequacy: There is no conflict between the members of ULYSC and FYSC. By definition, the members of one group did not have any dealings with the members of FYSC. Alternatively, if there is any conflict between the members of ULYSC and FYSC, such conflict

BHS LAW, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

should be marginal and insignificant and irrelevant to the resolution of the proposed class action. For example, even if, in a hypothetical, a member of FYSC (i.e., U.S. lawyers properly licensed to practice) had dealings with a member of ULYSC (by consulting with a U.S. lawyer properly licensed to practice), such dealing does not have any bearings on their respective claims against Defendants.

34. Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class. Without limiting the generality of the foregoing, for example, it is likely that FYSC will **never** find out that they were misled to consult with Defendants for U.S. laws and paid fees for such unlawful practices. Thus, without this lawsuit in class action, FYSC will likely forever remain victims. Similarly, with this lawsuit proceeding as class action, individual lawyers whose main client basis is composed of Korea-based or Korean-connected businesses in need of consultation in regard to U.S. laws may never understand the adverse impact caused by unlawful and unfair competition committed by Defendants. They will continuously suffer economic harm, perhaps resulting in complete loss of practice.

35. Public Policy Considerations: The public and legal professionals in California and the U.S. face solicitations and competition from unlawful, unscrupulous foreign and/or pseudo-legal professionals. The public, once engaged with such unscrupulous unlawful practitioners, is often entirely reliant on them, never realizing that they are being defrauded. On the other hand, legal professionals do not know if they are being unfairly losing grounds to unlawful competitors like Jipyong. These foreign lawyers unfairly compete with U.S. licensed lawyers as they do not need to comply with California and U.S. legal ethics and Bar rules, significantly risking the public's legal welfare and putting unfair competitive advantage against U.S. legal professionals. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their right while simultaneously protecting their privacy (including concerning publics' legal affairs handled by the unlawful foreign practitioners and concerning U.S. (California) lawyers' difficulties in maintain legal practice – often unaware that they are being competed against by foreign law firms at likely great discount and lax oversight).

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

## FIRST CAUSE OF ACTION
### UCL (Bus. & Prof. Code §§ 17200, 17203)
(Against Jipyong LLC and KIM)

36. Plaintiff incorporates by reference and re-alleged as if fully stated herein each and every allegation set forth above.

37. Defendants' conduct constitutes unfair or fraudulent business acts or practices within the meaning of Business and Professions Code § 17200. In particular, Defendants violated one or more of the Law.

38. As a direct, foreseeable, and proximate result of Defendants' unlawful and/or unfair and/or fraudulent business practices, Plaintiff has suffered and continues to suffer damages.

39. Plaintiff is entitled to "such order or judgment … as may be necessary to prevent the use or employment by Defendants practices which constitute unfair competition" and "as may be necessary to restore to Plaintiff its "money and property" that Capstone Defendants "acquired by means of such unfair competition." Business and Professions Code § 17203.

40. Such an order or judgment may include permanently enjoining Defendants from engaging in any deceptive legal practice or otherwise unlawful legal practice. Such other remedy should also include restitution of all fees (received as a result of violating any LAW or otherwise employing such misleading or fraudulent scheme of, including but not limited to, misrepresenting to the public as if authorized to practice in California or other courts in the U.S.) back to all their clients and also disgorgement of profits derived from the fees or violation of any LAW.

41. Additionally, such an order or judgment may also include consent not to ever practice in the U.S. or consult any public in regard to U.S. laws.

## SECOND CAUSE OF ACTION
### Cal. Pen. Code § 496, Subd. (c)
(Against Jipyong and KIM)

42. Plaintiff hereby re-alleges and incorporates the above allegations as if set forth herein fully by hereby making reference thereto.

43. Defendants took monies from ULYSC by misrepresenting, or otherwise constructively defrauding while owing fiduciary duties, that they were licensed or otherwise authorized to practice or consult on U.S. laws in Korea and/or in the U.S., including in California. For instance, Defendants

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

represented Jee Hoon Choi, individual, in a matter titled, *Choi vs. Han*, BC672825 (Los Angeles County Superior Court, 2021) and/or are still currently representing Solarpark Korea Co., Ltd. in a matter titled, *Solarpark Korea Co., Ltd. v. Solaria Corp.*, 23-cv-01181-AMO (N.D. Cal. 2024) (**not** as Pro Hac Vice).

44. Without limiting generality of the foregoing and subject to further discovery, Plaintiff is informed and believes and thereon alleges that in each and every engagement wherein Jipyong either represented clients in the State and federal courts of California or consulted clients on California laws, Jipyong misrepresented that it was authorized to conduct business in California, to practice law in the State and federal courts of California, and KIM misrepresented that she was authorized to practice in the State and federal courts of California, consult the clients on California laws, and in each such engagement, Jipyong and KIM owed fiduciary duties, but failed to, disclose that Jipyong was not qualified to do business in California, authorized to practice law in the federal and State courts in California, and KIM's qualification, as a registered FLC, limited to consulting RE foreign laws (i.e., non-California laws).

45. Based on the address listed on the pleadings filed by Jipyong (in Seoul, Korea), and the search result (nothing showing) using Jipyong on the search site of California Secretary of State, Plaintiff also alleges that Jipyong is not qualified to do business in California. As such, Jipyong has been doing business in California without having properly registered in California. On that fact, Plaintiff further alleges that Jipyong has been evading income taxes due to California Franchise Tax Board and likely the U.S. Department of Treasury. On these accounts, Plaintiff further alleges that Jipyong is unlawfully and unfairly competing with California law firms and lawyers who are subject to U.S. and California income tax. Evading tax liabilities and breaking various tax codes, they unfairly outcompete California lawyers who must spend significant resources in complying with the tax laws and must set aside and pay over portions of their incomes as part of their income taxes.

46. Such misrepresentation is false to the extent that Jipyong is LLC, which may not provide professional services in California (see Cal. Corp. Code § 17701.04, subd. (e)). Such misrepresentation is also false to the extent that KIM was registered as Foreign Legal Consultant in California ("FLC"). Plaintiff is informed and believes and thereon alleges that KIM is a registered FLC since about 2022, as her name appears on the list of registered foreign legal consultants available on the website of the California Bar Association.

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

47. A registered FLC may practice the law of their country (i.e., here Korea) "in California[,] but may **not** practice California law" (bold added) quoted from the webpage of California Bar Association, citing rule 9.44 of the California Rules of Court and Title 3, Division 3, Chapter 4 of the Rules of the State Bar.

48. While misrepresenting as to their qualifications and licenses, and thus falsely pretending to be qualified and authorized to practice in California, Jipyong and KIM practices U.S. and/or California law in violation of the terms of the registration (rule 9.44 subd. (e) of California Rules of Court) as a registered FLC. In connection therewith, Jipyong and KIM took monies as purported "fees" from unsuspecting, and trusting, members of ULYSC. (After a reasonably inquiry, Plaintiff suspects FLCs do not have to comply with CLE requirements.)

49. Feloniously taking monies by false pretenses is theft for the purpose of Cal. Pen. Code § 496.

50. Plaintiff will conduct discovery to ascertain the extent of Defendants' unauthorized practice of law and the monies received by pretending to the contrary ("Unlawful Fees"). Plaintiff believes and thereon alleges that the amount of Unlawful Fees exceeds $950.

51. Since taking Unlawful Fees, Defendants withheld or concealed, and still continue to withhold and conceal, Unlawful Fees. For instance, on or about May 10, 2025, via and during a videoconference, the undersigned confronted KIM that Jipyong was unlawfully practicing law in California and they should not have charged their clients any fees for unlawful practice of law.

52. When the undersigned demanded that they immediately return all Unlawful Fees to their clients, KIM summarily rejected the demand without giving any reason. The undersigned is informed and believes and thereon alleges that they have not returned the Unlawful Fees to their clients. Plaintiff makes the foregoing allegation on the ground that shortly after the videoconference, Jipyong still sent discovery responses, implying that they are determined to continue with their unlawful practice of law. Thus, since that day, Jipyong and KIM are withholding Unlawful Fees.

53. To the extent that anyone is aiding (or has aided) Defendants in withholding or concealing or otherwise violating the provisions of Cal. Pen. Code § 496, such persons are sued herein by fictitious names. Plaintiff will amend this complaint to substitute the true identities of such persons for Does.

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

Case 3:25-cv-04328     Document 1     Filed 05/20/25     Page 11 of 13

G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx

54. Plaintiff reserves the right to seek exemplary damages and will amend this complaint following discovery.

### THIRD CAUSE OF ACTION
### Restitution; Unjust Enrichment; Conversion
(Against Jipyong and KIM)

55. Plaintiff hereby re-alleges and incorporates the above allegations as if set forth herein fully by hereby making reference thereto.

56. By actions alleged above, Defendants unjustly enriched themselves in the amount of Unlawful Fees. Defendants would not have been given Unlawful Fees, had they not been misrepresented as to their qualifications and eligibility.

57. By actions alleged above, Defendants converted Unlawful Fees, which are the monies, clearly identifiable by the check numbers, wire information, and other identifiable and distinguishable information.

58. By actions alleged above, Defendants is liable to restitution of Unlawful Fees to each of its purported clients. Unlawful Fees belong to the purported clients, members of ULYSC.

### PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certifications

1. That this case be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class, FYS subclass, and UYSC subclass and Bhs Law LLP as the class counsel;

3. That counsel for Plaintiff be appointed as class counsel.

### As to the Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated Cal. Corp. Code §17701.04, subd. (e); Cal. Bus. & Prof. Code §§ 6125, 6126; Cal. Rules of Court, Rule 9.44; and Rules of the State Bar, Title 3, Div. 3, Ch. 4, in particular, Rule 3.402, subd. (A) (for failing to update her affiliation on the registration), (B) (advising on California law rather than "exclusively regarding the law of a foreign jurisdiction"), and (F) (claiming to be a licensee of the State Bar of California) by conducting unfair or

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

```
G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v
Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx
```

fraudulent business acts or practices within California and applicable tax codes (previously defined as, "LAW").

5. Temporary, preliminary, and permanent injunction, enjoining Defendant from unlawfully practicing law in California or any other jurisdiction in the U.S. unless otherwise qualified.

6. Temporary, preliminary, and permanent injunction, ordering Defendants to comply with all applicable LAW, including California Rules of Professional Conduct to the extent applicable.

7. Temporary, preliminary, and permanent injunction, enjoining Defendants from misleading any members of public in respect of the scope of the authorization as Foreign Legal Consultant.

8. Temporary, preliminary, and permanent injunction, ordering Defendants to communicate in a format acceptable to this Court to all of its prior and current clients detailing their violation of LAW and respective amounts of fees received.

9. Restitution to ULYCS of all fees received while violating one or more of LAW with prejudgment interest.

10. Damage to ULYCS, including any losses, judgments rendered against them in matters unlawfully represented by Jipyong, fines, fees, harms, or other adverse consequences (inclusive of any adverse final arbitration awards), proximately caused by Jipyong's unlawful practices of law.

11. Prejudgment interests.

12. Treble damage to ULYCS.

13. Punitive damages.

14. Disgorgement of all profits Jipyong and KIM derived, enjoyed, or otherwise benefited in connection with violating one or more of LAW.

15. Award of attorney's fees as deemed just and reasonable as permitted by applicable laws and rules.

16. Such other orders deem just and reasonable, including but not limited to ordering Defendants to file all applicable tax returns, and pay all due taxes and interests, and penalties, if applicable, in compliance with the U.S. and California (or any other states they conduct businesses in) tax codes and submit to this Court a written declaration to that effect and striking all pleadings, motions, briefs, and other

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

```
G:\.shortcut-targets-by-id\1MPk0DvZH9bptwMHU2mU0aet4oAvtjpDr\G-S&L Cases\Bhs v
Jipyong\Initial Docs (Complaint Etc)\[2025-05-20] Plaintiff's Complaint .docx
```

documents filed by this Court or any other courts in California by Jipyong in all cases and vacating all orders obtained by, or issued as a result of unlawful practice of law of, Jipyong.

17. Cost of lawsuit.

Dated: May 20, 2025

                                                                                                                                                                                                                                                                    RESPECTFULLY SUBMITTED

                                                         Bhs Law, LLP

                                                         /s/ Brian H. Song

                                                         _____

                                                         Brian H. Song, Esq. (SBN 188662)
                                                         Attorneys for Plaintiff BHS LAW LLP

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258