UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHS LAW LLP,<br><br>        Plaintiff,<br><br>        v.<br><br>JIPYONG LLC, et al.,<br><br>        Defendants. | Case No. 25-cv-04328-AMO<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 8 |

On June 2, 2025, Plaintiff Bhs Law LLP ("Bhs") filed an ex parte motion for temporary restraining order ("TRO") seeking to enjoin Defendants Jipyong LLC and Jinhee Kim from engaging in the unauthorized practice of law. ECF 8. The Court ordered Defendants to file any opposition by June 5, 2025, and set a hearing for June 9, 2025. ECF 9. Having reviewed the papers filed by the parties and the arguments made therein, as well as the relevant legal authority, the Court finds the motion appropriate for decision without oral argument, and **VACATES** the hearing set for June 9, 2025. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

A temporary restraining order is "an 'extraordinary and drastic remedy,'' that is never awarded as of right." *Epic Games, Inc. v. Apple Inc.*, 493 F. Supp. 3d 817, 831 (N.D. Cal. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). For a court to issue this extraordinary relief, a plaintiff must establish a likelihood of success on the merits, a likelihood of irreparable harm absent injunctive relief, that the balance of equities tips in plaintiff's favor, and that the public interest favors injunctive relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff bears the burden of demonstrating they meet all four of these factors. *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011). Bhs has not carried its burden.

Bhs's TRO motion makes no cogent showing of injury, much less of any injury that is

1  irreparable.[1]  Bhs argues it is unlawful for Defendant Jinhee Kim, an attorney licensed to practice
2  in California, to practice law in California courts through Defendant Jipyong, a Korean limited
3  liability corporation.  Mot. at 5 (citing Cal. Corp. Code § 17701.04(e) ("Nothing in this title shall
4  be construed to permit a domestic or foreign limited liability company to render professional
5  services, as defined in subdivision (a) of Section 13401 and in Section 13401.3, in this state.");
6  Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an
7  active licensee of the State Bar.")).  Bhs asserts that because all filings in California courts
8  resulting from Defendants' purported unauthorized practice of law are subject to strike or
9  dismissal, failure to enjoin Defendants from litigating in California courts will risk "a complete
10 waste of judicial resources," Mot. at 2, and will enable Defendants to continue "cheat[ing]
11 California lawyer[s] out of potential clients," Mot. at 9.  These allegations are conclusory, vague,
12 and unsupported by facts.  *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239,
13 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish
14 a likelihood of irreparable harm"); *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir.
15 2016) ("A plaintiff must do more than merely allege imminent harm sufficient to establish
16 standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary
17 injunctive relief.") (citing *Caribbean Marine Servs. Co, Inc. v. Baldridge*, 844 F.2d 668, 674 (9th
18 Cir. 1988) (emphasis in original).  These allegations are insufficient to establish imminent
19 irreparable harm.

20 Bhs has also failed to explain why there is "no adequate legal remedy" for these purported
21 harms.  *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) ("Irreparable
22 harm is traditionally defined as harm for which there is no adequate legal remedy.").  In the
23 operative complaint, Bhs alleges "Jipyong causes economic injuries" to Bhs "[b]y conducting
24 unlawful practice of law, in part catering to the same pool of clients [and] prospective clients,"

---

[1] Bhs suggests that it need only demonstrate a "possibility of irreparable injury and great waste." TRO Motion ("Mot.") (ECF 8) at 3 (citing *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007)).  But the Ninth Circuit explicitly abrogated that standard well over a decade ago, noting that "[t]o the extent that [its] cases have suggested a lesser standard, they are no longer controlling, or even viable."  *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Lands Council* as one such case).

First Amended Complaint ("FAC") (ECF 6) ¶ 10, and that Bhs "suffered economic losses" litigating in state court against its former client Moreh, Inc., who is represented in that action by Defendants, FAC ¶ 12.[2]  Economic injury that can be redressed by money damages does not constitute irreparable harm justifying injunctive relief, so any such harm to Bhs is an insufficient basis to issue a TRO.  *See Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("Purely monetary injuries are not normally considered irreparable."); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).  Bhs's allegations of economic harm cannot carry the day.

For these reasons, Bhs has not shown a likelihood of irreparable harm.  Accordingly, the Court need not consider whether Bhs has made an adequate showing of the other *Winter* factors, *see Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (where plaintiff "has not made th[e] minimum showing" of irreparable injury, courts "need not decide whether [plaintiff] is likely to succeed on the merits"), and **DENIES** Bhs's application for a TRO.

**IT IS SO ORDERED.**

Dated: June 6, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[2] On June 4, 2025, Plaintiff filed a second amended complaint.  *See* ECF 16.  However, under Federal Rule of Civil Procedure ("Rule") 15(a)(1), a plaintiff is entitled to amend its complaint only once as a matter of course.  Bhs exercised that that right and filed a first amended complaint on May 22, 2025.  *See* ECF 6.  Plaintiff did not seek leave of court nor Defendant's consent to file the second amended complaint, ECF 16, as required by Rule 15(a)(2).  Accordingly, the Court **STRIKES** the second amended complaint.  *See Khan v. City of Pinole Police Dep't*, No. 4:19-CV-06316-YGR, 2020 WL 3617903, at *6 (N.D. Cal. July 2, 2020).  Thus, the operative complaint is the first amended complaint filed on May 22, 2025.